## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PEAK6 INVESTMENTS, L.P. and PEAK6 LLC, | ) ) ) | Civil Action No.: |
| Plaintiffs, | ) ) ) | TRIAL BY JURY DEMANDED |
| v. | ) ) ) | |
| PEAK 9 CAPITAL PARTNERS, LP, PEAK 9 CAPITAL ADVISORS, LLC, and PEAK 9 CAPITAL MANAGEMENT, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs, PEAK6 Investments, L.P. and PEAK6 LLC (collectively, "Peak6"), allege the following in support of their Complaint against Defendants, Peak 9 Capital Partners, LP, Peak 9 Capital Advisors, LLC, and Peak 9 Capital Management, LLC (collectively, "Defendants"):

## NATURE OF THE ACTION

1.      This is an action brought by Peak6 arising under the trademark laws of the United States and the law of the State of Illinois.  Peak6 seeks an injunction and damages against Defendants for infringement of Peak6's federal and Illinois state trademark rights.

## THE PARTIES

2.      Plaintiff PEAK6 Investments, L.P. is a Delaware limited partnership having its principal place of business at 141 West Jackson Boulevard, Suite 500, Chicago, Illinois 60604. Plaintiff PEAK6 LLC is a Delaware limited liability company having its principal place of business at the same address.

3.      On information and belief, Defendant Peak 9 Capital Partners, LP is a Delaware limited partnership having its principal place of business at 312 Walnut Street, Suite 1600, Cincinnati, Ohio 45202. On information and belief, Defendant Peak 9 Capital Advisors, LLC is an Ohio limited liability company having its principal place of business at the same address. On information and belief, Defendant Peak 9 Capital Management, LLC is an Ohio limited liability company having its principal place of business at the same address.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Peak6's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over Peak6's state-law claims under 28 U.S.C. §§ 1338(b) and 1367.

5.      Venue in this Court is based upon 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

6.      Peak6 has been using the mark **PEAK6** in commerce in connection with securities trading and investing services (i.e., capital management), securities brokerage, and educational services in the nature of providing financial investment information since at least as early as 1997, and has used its stylized version of this mark in commerce since at least as early as July 1, 2009.

7.      Peak6 has invested a significant amount of time and money publicizing its **PEAK6** trademark over these many years, and has built up a substantial amount of goodwill in that mark.

8.      As a result of Peak6's significant investment, customers have come to recognize Peak6 as the source of the financial services provided under the **PEAK6** mark.

9.      To protect its valuable mark and goodwill, Peak6 applied to register the **PEAK6 and Design** trademark, shown below, with the U.S. Patent and Trademark Office in February 2009 for use in association with, among other services, securities trading and investing services, securities brokerage, and educational services in the nature of providing financial investment information. That mark was registered on August 3, 2010 as U.S. Trademark Registration No. 3,829,136.

PE△K6

10.      On information and belief, Defendants have recently begun using the mark **PEAK 9** in commerce in connection with providing securities trading and investing services, namely, hedge fund services. Defendants operate a website promoting their hedge fund services at http://www.peak9capital.com/.

11.      On information and belief, Defendants have also recently begun using on their website a **PEAK 9** design mark, as shown below. A screenshot of Defendants' website featuring this mark is attached as Exhibit A.



12.      Peak6 has not authorized Defendants to use, promote, advertise, or include in any way the **PEAK6** mark or the registered **PEAK6 and Design** mark, or any words or marks confusingly similar to these marks, on Defendants' website or anywhere else.

3

13.     On October 30, 2013, Peak6 sent a letter to John Cioffi III, the Manager of General Partner of Peak 9 Capital Partners, LP, demanding that Defendants cease and desist use of the infringing **PEAK 9** mark in connection with hedge fund services.  A true and correct copy of that letter is attached as Exhibit B.  As of the filing of this Complaint, Defendants have not responded to the letter and have continued to use a mark confusingly similar to the **PEAK6** mark.

## COUNT I:
## FEDERAL TRADEMARK INFRINGEMENT
## IN VIOLATION OF 15 U.S.C. § 1114(1)

14.     Peak6 hereby re-alleges and incorporates by reference the allegations of Paragraphs 1–13 of this Complaint as if set forth fully herein.

15.     This cause of action for federal trademark infringement arises under 15 U.S.C. § 1114(1).

16.     Peak6 is the owner and registrant of U.S. Trademark Registration No. 3,829,136 for **PEAK6 and Design**.

17.     The **PEAK6 and Design** mark is valid and subsisting.

18.     The **PEAK6 and Design** mark is inherently distinctive, or, in the alternative, has acquired secondary meaning among relevant consumers.

19.     Defendants' use of the **PEAK 9** mark in connection with the sale, offering for sale, distribution, or advertising of hedge fund services is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(a).

20.     Defendants' use of the **PEAK 9** mark is without the consent, authorization, or permission of Peak6.

21.     Peak6's U.S. Trademark Registration No. 3,829,136 provides constructive notice of Peak6's ownership of the **PEAK6 and Design** mark, pursuant to 15 U.S.C. § 1072.

22.     Defendants' use of the **PEAK 9** mark in connection with hedge fund services has occurred notwithstanding Peak6's prior-established rights in the **PEAK6 and Design** mark and with constructive notice of Peak6's federal registration rights.

23.     After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Defendants' wrongful activities commenced, and have continued, despite Defendants' knowledge of Peak6's rights in and to the **PEAK6 and Design** mark and/or with Defendants' knowledge that they do not have the right to use the **PEAK6 and Design** mark, or a confusingly similar mark, in commerce.

24.     Defendants have willfully and in bad faith infringed the **PEAK6 and Design** mark by the various acts as complained of above.

25.     Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Peak6's business, reputation, and goodwill in its federally registered **PEAK6 and Design** trademark.  Peak6 has no adequate remedy at law.

**COUNT II:**
**FEDERAL UNFAIR COMPETITION**
**IN VIOLATION OF 15 U.S.C. § 1125(a)**

26.     Peak6 hereby re-alleges and incorporates by reference the allegations of Paragraphs 1–25 of this Complaint as if set forth fully herein.

27.     This cause of action for federal unfair competition arises under 15 U.S.C. § 1125(a).

28.     Defendants' use of the **PEAK 9** mark, including the use on Defendants' website, constitutes a false designation of origin and a false or misleading description and representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Peak6, and as to the origin, sponsorship, or approval of Defendants' products and services by Peak6.

29.     After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Defendants' wrongful activities commenced, and have continued, despite Defendants' knowledge of Peak6's rights in and to the **PEAK6** mark and/or with Defendants' knowledge that they do not have the right to use the **PEAK6** mark, or a confusingly similar mark, in commerce.

30.     Defendants have willfully and in bad faith engaged in unfair competition by the various acts as complained of above.

31.     Defendants' wrongful activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Peak6's business, reputation, and goodwill in its **PEAK6** mark.  Peak6 has no adequate remedy at law.

## COUNT III:
## COMMON LAW TRADEMARK INFRINGEMENT

32.     Peak6 hereby re-alleges and incorporates by reference the allegations of Paragraphs 1–31 of this Complaint as if set forth fully herein.

33.     This cause of action for trademark infringement arises under Illinois common law.

34.     Peak6's **PEAK6** mark is inherently distinctive, or, in the alternative, has acquired secondary meaning among relevant consumers in Illinois and throughout the United States.

35.     The **PEAK6** mark has been and continues to be known in Illinois and throughout the United States as identifying and distinguishing Peak6's investment-related services, including hedge fund services.

36.     Defendants' **PEAK 9** mark so closely resembles Peak6's **PEAK6** mark in appearance, sound, connotation, commercial impression, and meaning that the sale by Defendants of their hedge fund services in connection with the mark **PEAK 9** is likely to cause consumer confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Peak6 and/or as to the origin, sponsorship, or approval of Defendants' services by Peak6, and will injure and damage Peak6 and the goodwill and reputation symbolized by the **PEAK6** mark.

37.     After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Defendants' infringing activities commenced, and have continued, despite Defendants' knowledge of Peak6's rights in and to the **PEAK6** mark and/or with Defendants' knowledge that they do not have the right to use the **PEAK6** mark, or a confusingly similar mark, in commerce.

38.     Defendants have willfully and in bad faith infringed the **PEAK6** mark by the various acts as complained of above.

39.     Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Peak6's business, reputation, and goodwill in its **PEAK6** trademark.  Peak6 has no adequate remedy at law.

## COUNT IV:
## VIOLATION OF THE ILLINOIS UNIFORM
## DECEPTIVE TRADE PRACTICES ACT, 815 ILCS § 510/1 *ET SEQ.*

40.     Peak6 hereby re-alleges and incorporates by reference the allegations of Paragraphs 1–39 of this Complaint as if set forth fully herein.

41.     This cause of action arises under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 *et seq.*

42.     Peak6's **PEAK6** mark is inherently distinctive, or, in the alternative, has acquired secondary meaning among relevant consumers in Illinois and throughout the United States.

43.     The **PEAK6** mark has been and continues to be known in Illinois and throughout the United States as identifying and distinguishing Peak6's investment-related services.

44.     Defendants' unauthorized use of the **PEAK 9** mark and/or other marks that closely resemble the **PEAK6** mark in appearance, sound, connotation, commercial impression, and meaning is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, affiliation, association, or certification of Defendants' goods and services in violation 815 ILCS § 510/2(a).

45.     After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Defendants' deceptive trade practices commenced, and have continued, despite Defendants' knowledge of Peak6's superior rights in the **PEAK6** mark.

46.     Defendants have willfully and in bad faith engaged in deceptive trade practices by the various acts as complained of above.

47.     Defendants' deceptive trade practices have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Peak6's business, reputation, and goodwill in its **PEAK6** trademark.  Peak6 has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Peak6 prays for the following relief:

48.     A finding that Defendants have infringed Peak6's **PEAK6** mark and its registered **PEAK6 and Design** mark.

49.     A finding that Defendants have engaged in unfair competition.

50.     A finding that Defendants have violated the Illinois Uniform Deceptive Trade Practices Act.

51.     An injunction permanently enjoining Defendants and their directors, officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, from:

    a.  directly or indirectly infringing or misappropriating Peak6's **PEAK6** mark and registered **PEAK6 and Design** mark;

    b.  continuing to advertise, promote, sell, or offer to sell any products or services that infringe or misappropriate Peak6's **PEAK6** mark or registered **PEAK6 and Design** mark;

    c.  continuing to advertise, promote, sell or offer to sell any products or services which are likely to cause consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendants' services and/or as to the affiliation, connection, or association with or certification by Peak6;

    d.  committing deceptive trade practices by selling their services in connection with the mark and name **PEAK 9** and likely causing consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of

Defendants' services and/or as to the affiliation, connection, or association with or certification by Peak6;

e. assisting, inducing, or aiding or abetting any other person or entity in engaging in any of the activities prohibited in subparagraphs (a) through (d) above.

52. An order requiring the impounding and destruction of all advertisements in the possession of Defendants that infringe Peak6's marks and all means of making the same.

53. An order requiring Defendants to file with the Court and serve on Peak6 within 30 days after service of the Court's order as herein prayed a report (or other form of proof) in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's injunction.

54. A judgment entered for Peak6 and against Defendants, jointly and severally, for all damages sustained by Peak6 for Defendants' acts of trademark infringement, misappropriation, unfair competition, and deceptive trade practices, including but not limited to Defendants' profits and costs, and attorneys' fees.

55. An accounting from Defendants for all gains, profits, and advantages derived from their acts of trademark infringement, unfair competition, deceptive trade practices and/or other violations of the law as alleged herein.

56. An order requiring that all gains, profits, and advantages derived by Defendants from their acts of trademark infringement, unfair competition, deceptive trade practices and/or other violations of the law as alleged herein, be deemed to be in constructive trust for the benefit of Peak6.

57.     An order for such other, further, and different relief as the Court deems proper under the circumstances, including punitive damages if appropriate pursuant to the evidence of record.

## JURY DEMAND

Peak6 hereby demands a trial by jury on all matters and issues so triable.


Dated: November 15, 2013                           Respectfully submitted,

                                     By:     /s/ Patrick J. Arnold Jr.
                                             Patrick J. Arnold Jr.
                                             Caroline A. Teichner
                                             McAndrews, Held & Malloy, Ltd.
                                             500 West Madison Street, 34th Floor
                                             Chicago, Illinois 60661
                                             T: (312) 775-8000
                                             F: (312) 775-8100
                                             parnold@mcandrews-ip.com
                                             cteichner@mcandrews-ip.com

                                             Attorneys for Plaintiffs,
                                             PEAK6 Investments, L.P.
                                             and PEAK6 LLC